# *Ex parte* **James Cameron.**

### *Application for Writ of Habeas Corpus.*

1. *Habeas corpus; re-arrest after discharge.*— Criminal Code, § 4787, providing that, where a person has been once discharged on *habeas corpus*, he can not be again imprisoned or kept in custody for the same cause, unless he is indicted therefor, etc., does not apply where the first arrest and commitment was under a warrant void upon its face, and the second arrest and commitment is under a legal warrant.

Application by James Cameron for the writ of *habeas corpus* after the same was refused by the probate judge of Tuscaloosa county.

JONES & MAYFIELD, for the petitioner.

COLEMAN, J.—This is an application for the writ of *habeas corpus*. The petition and record show that petitioner was arrested and committed to jail upon a warrant and order of commitment issued by a justice of the peace, irregular and illegal upon its face, and based upon an affidavit which charged no offense. He sued out a writ of *habeas corpus* before the probate judge of Tuscaloosa county, and was ordered to be discharged for the causes which have been stated. He was immediately re-arrested by the sheriff under another warrant issued by the same justice, legal upon its face, issued upon a sufficient affidavit. Upon *habeas corpus* proceedings, founded upon the second detention, the probate judge refused to discharge him, hence the application to this court. It is conceded that the petitioner committed but one offense (if he committed any) and that in both instances of his arrest it was for the same act. The only question presented for consideration is, whether, when a person has been arrested upon a warrant, and held to commitment, which charges no criminal offense, and issued upon an affidavit which shows no violation of law, and for these causes has been discharged upon writ of *habeas corpus*, he may be again arrested and detained by virtue of a legal warrant, issued upon a sufficient affidavit. There can be but one answer to such a proposition. Section 4787 of the Criminal Code which provides that, "When a person has once been discharged on *habeas corpus* he can not be again

imprisoned, restrained, or kept in custody, for the same cause, unless he is indicted therefor, or, after a discharge for defect of proof is again arrested on sufficient proof and committed by legal process," has no application to the case at bar. The petitioner was never in legal custody under the first warrant. The first affidavit and warrant and order for commitment gave no authority for his arrest and detention. The section 4787 *supra* contemplates a case where the party in the first case was held under or by virtue of some authority which *prima facie* authorized his detention and not to cases, where the arrest or detention was wholly illegal. To give the section the construction contended for, would enable criminals to evade the laws for holding them to await the action of the grand jury. The petition is Denied.